OPINION *Page 2 
{¶ 1} Defendant Timothy Friedberg appeals a judgment of the Court of Common Pleas of Morgan County, Ohio, which sustained a motion to enforce a settlement agreement between appellant and plaintiffs/appellees James and Karen Martin. Appellant assigns two errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED WHEN IT FOUND THAT A VALID AGREEMENT WAS REACHED AND ORDERED THE PARTIES TO CONSUMMATE THAT AGREEMENT BY STATING: THE COURT FINDS THAT THE MOTION OF THE PLAINTIFFS HEREIN IS WELL TAKEN AND THAT THE AGREEMENT REACHED BY THE PARTIES ON THE 28TH DAY OF JUNE, 2006 IS A VALID AND ENFORCEABLE AGREEMENT. THE COURT NOTES THAT IF ANY MISTAKE WAS MADE CONCERNING THE SETTLEMENT, THAT THE MISTAKE WAS A UNILATERAL MISTAKE WHICH DO NOT IMPACT THE VALIDITY OF THE SETTLEMENT OF THIS CASE BY THE PARTIES.
 {¶ 3} "II. THE TRIAL COURT ERRED IN ORDERING THE SETTLEMENT AGREEMENT WHEN THERE WERE REQUIREMENTS IN THE AGREEMENT WHICH WERE IMPOSSIBLE FOR THE DEFENDANT TO PERFORM AS HE DOES NOT HAVE THE POWER TO EXECUTE THOSE REQUIREMENTS."
 {¶ 4} The record indicates the parties own property adjacent to one another and appellees' driveway runs across appellant's land. On July 2, 2004, the appellees filed suit, claiming a prescriptive easement over the property. Appellant filed a cross-claim alleging trespass and destruction of the property. The matter was eventually set for trial on June 30, 2006. The trial court found on June 28, 2006, the parties, through counsel, *Page 3 
informed the court the case had been settled and orally relayed the settlement terms to the court. The June 30 trial was cancelled.
 {¶ 5} On June 28, appellees' counsel faxed a letter to appellant's counsel. The letter states: "This will confirm that we have settled the above-captioned case. The terms of settlement are that my clients will pay Friedberg the sum of $3,000 in exchange for a warranty deed giving them fee simple marketable title to the .609 acre described in the survey and legal description that were forwarded to you along with my letter of January 12, 2006. This will require Mr. Friedberg to secure the release of the real estate from the operation of the mortgage. I understand you will contact the bank to begin the process of having that accomplished. The money will be paid at the time the deed is tendered so we will need to set a time to do that. Please advise me as to the time frame that you anticipate will be necessary as far as working with the bank is concerned to get this release accomplished.
 {¶ 6} "The settlement, obviously also involves a dismissal of the complaint and counterclaim, with prejudice. The dismissal will be filed at the time that we are able to conclude the real estate transaction.
 {¶ 7} "I called the court and spoke to the judge's assignment commissioner, Janet White, and advised her that we had reached a settlement. The case has been taken off the docket for Friday.
 {¶ 8} "Please feel free to contact me at your convenience if you should have any questions."
 {¶ 9} On July 31, 2006, appellant's counsel sent a letter which stated: "When we agreed that we would take, first five thousand dollars and then three thousand *Page 4 
dollars to settle this matter, I mistakenly thought that the real estate to be transferred would be what you originally put in your complaint. But upon examining your proposed settlement, I noticed that the property requested would take the entire disputed roadway, plus considerably more.
 {¶ 10} "I cannot settle this on these terms which are much greater than the lane that you had requested rights too. [sic]. Concurrent with this letter, I am motioning the court to set this matter down for hearing because our negotiations have failed.
 {¶ 11} "Sorry for any inconvenience."
 {¶ 12} Thereafter, appellees moved the court to enforce the settlement agreement. Appellant filed a motion contra on August 28, 2006, wherein he alleged the offer had been tentatively agreed to by appellant's counsel but the appellant himself disagreed with the terms set forth in the memorandum. Appellant expressed doubts he would be able to secure release of the mortgage, and raised the statute of frauds.
 {¶ 13} The trial court set the matter for hearing, but appellant has not provided us with a transcript. The trial court's judgment entry finds the settlement agreement of June 28, 2006 was valid and enforceable, and if any mistake was made regarding the property be transferred, the mistake was a unilateral mistake.
 I. {¶ 14} In his first assignment of error, appellant argues the statute of fraud bars enforcement of the alleged settlement.
 {¶ 15} R.C. 1335.05, states:
 {¶ 16} "No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; nor to *Page 5 
charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."
 {¶ 17} Appellees' letter stated they had forwarded a survey and legal description to appellant on January 12, 2006. Appellant had ample time before entering into the settlement agreement to discover the error. We note the letter of June 28 also states the parcel is .609 acres, which should have put appellant on notice he was mistaken as to the size of the property to be conveyed.
 {¶ 18} Appellant's counsel did not respond promptly to appellees' June 28 letter to advise them the matter was not settled, or only tentatively settled pending appellant's final agreement. It is clear from the appellees' letter appellees believed the matter had been settled. Over a month later, appellant's letter stated they had agreed to settle the matter until he discovered his unilateral mistake as to the size and location of the property.
 {¶ 19} A party can manifest his assent to a contract by written or spoken words, by his actions, or his failure to act, see Nilavar v.Osborn (2000), 137 Ohio App. 3d 469, 485, 738 N.E. 2d 1271, citations deleted. Although generally silence in response to an offer does not constitute an acceptance of the offer, if the relationship between the parties justifies the expectation of a reply, silence in response to the offer may constitute *Page 6 
an acceptance, Id. at 488, citing Richard A. Berjian D.O, Inc. v. OhioBell Telephone Company (1978), 54 Ohio St. 2d 147, 152,8 Ohio O. 3d 149, 151-152, 375 N.E. 2d 410, 413-414. We find appellant's failure to respond to the letter confirming the settlement may be construed as assent, particularly because appellant knew appellees informed the trial court the matter had been settled.
 {¶ 20} It is well established in Ohio courts of equity may bar application of the statute of fraud, McCarthy, Lebit, Crystal H ai manCompany LPA v. First Union Management, Inc. (1993), 87 Ohio App. 3d 613,623, 622 N.E. 2d 1093. In the First Union case the court found the doctrine of promissory estoppel may be used to preclude a statute of fraud defense when there has been either a misrepresentation the statute's requirements have been met, or a promise to make a memorandum of the agreement. First Union at 627.
 {¶ 21} A promise which the promissor should reasonably expect to induce action or forbearance on the part of the promissee or a third person, and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise, FirstUnion at 624, citations deleted. Here, the parties had pursued the matter for more than two years. Two days before the final trial date, believing the matter was settled, appellees cancelled the trial. After nearly a month had passed appellant balked at the terms of the agreement, although he should have been aware of what property was the subject of the agreement much earlier. We find appellant is estopped from raising the defense of the statutes of fraud.
 {¶ 22} The first assignment of error is overruled. *Page 7 
 II {¶ 23} In his second assignment of error, appellant notes the proposed settlement requires him to convey a marketable title by securing the release of the mortgage from the property. Appellant argues this is beyond his control, because he cannot secure his estranged wife's release of her dower rights. He argues this makes the agreement far from complete and significantly different from the settlement offer. Appellant urges a court of equity will not enforce an agreement which is impossible for one of the parties to perform.
 {¶ 24} Appellees respond there is nothing in the record establishing appellant is married, and certainly appellant never brought the failure to join his wife as a necessary party to the attention of the trial court. Appellant never sought to make his wife a party to the settlement agreement during the prolonged negotiations, nor did he indicate he could not comply with any settlement agreement. Only when appellant wished to repudiate the settlement did he raise the issue of his wife's dower rights.
 {¶ 25} The second assignment of error is overruled. *Page 8 
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed.
 By Gwin, P.J., Wise, J., and Delaney, J., concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morgan County, Ohio, is affirmed. Costs to appellant.